UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Wayne O. Aultman, Jr., # 07007874, ) | C/A No. 4:08-1045-HFF-TER |
| Plaintiff, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| Franklin Y. Smith; ) | |
| Lt. Branch; ) | |
| Sgt. Debello; ) | |
| Sgt, Simmons; ) | |
| Sgt. Thomas; ) | |
| Lt. Carmichael; ) | |
| Captain Pastor; and ) | |
| Cpl. Kenneth Billings, ) | |
| Defendants. ) | |

_____

**I.  PROCEDURAL BACKGROUND**

The Plaintiff, Wayne O. Aultman, Jr. ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on March 28, 2008. Plaintiff alleges that his constitutional rights were violated by Defendants. Defendants filed a motion for summary judgment on October 9, 2008. Because Plaintiff is proceeding pro se, the court issued an order on or about October 10, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the Defendants' motion

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

1

for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint. On October 14, 2008, Plaintiff filed a change of address with the court.[2] (Doc. #38). Subsequently, the court re-mailed the Roseboro Order to Plaintiff at the new address. On November 17, 2008, Plaintiff filed a reply stating that he received the Roseboro order but that based on Federal Rule of Civil Procedure 5(a), the Defendants had not served him with a copy of the motion for summary judgment so that he was "under no obligation to file any such brief/motion in opposition." (Doc. #42).

On February 20, 2009, Defendants filed a Certificate of Service (doc. #43) in which Defendants revealed that they had served a true copy of "Defendants' Motion for Summary Judgment and Memorandum in Support with Attachments" on Plaintiff "by mailing a copy, properly addressed, with sufficient postage on 10/9/08 to his last known address at "George W. Hill Correctional Facility, Delaware County Prison " in Thornton, PA 19373. (Doc. #43). Further, Defendants certified that a true copy of the "Defendants' Motion for Summary Judgment and Memorandum in Support with Attachments" was served on Plaintiff "by mailing a copy, properly addressed, with sufficient postage on February 20, 2009," to Plaintiff at the address he filed with the court at 103 Thurlow St., Chester, PA 19013 and to Wayne O. Aultman, Jr. at 2 E 9th St., Marcus Hook, PA 19061[3]. Therefore, the court issued a second Roseboro Order on February 23, 2009, mailing it to both addresses in Pennsylvania. Plaintiff's response was due on or before March 30, 2009, pursuant to the second Roseboro Order. Plaintiff has failed to file a response pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Roseboro Order.

---

[2] The address Plaintiff provided on October 14, 2008, was 103 Thurlow Street, Chester, PA, 19013.
[3] This is the address that Plaintiff had on his reply dated November 17, 2008. (See Doc. #42).

2

A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of Plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the Defendant;

(3) the history of the Plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion for summary judgment, or the court's Orders requiring him to respond. As previously stated, Plaintiff filed a response with the court stating that he had in fact received the Roseboro order but felt he did not have to respond because the Defendants had not served him with a copy of the motion for summary judgment at his new address. Therefore, Defendants reserved Plaintiff at the address the Plaintiff filed with the court and also the address that was listed on the Plaintiff's Certificate of Service of said response. (See doc. # 42 and 43). The court then issued a second Roseboro Order (doc.#44) and Plaintiff still failed to respond. The undersigned concludes the Plaintiff has abandoned his lawsuit as to these Defendants. No other

reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 13, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**